ANDERSON *v.* ANDERSON

[No. 1069A172. Filed September 21, 1970. Rehearing denied October 26, 1970.]

---

1. Chief Justice Lowdermilk participated in this case by special designation.

*Michael T. Dugan II,* of Indianapolis, for appellant.

*F. Laurence Anderson, Jr., Anderson, Hidis & Anderson,* of Gary, for appellee.

## ON APPELLEE'S MOTION TO DISMISS OR AFFIRM

PER CURIAM.—This matter is before us on the appellee's Motion to Dismiss or Affirm, which alleges as cause therefor, *inter alia,* that the grounds of the appellant's Motion for New Trial are (1) That the decision of the Court is not sustained by sufficient evidence; and (2) That the decision of the Court is contrary to law, and that appellant has waived any ground stated in the Motion by failing to file a Memorandum as required by Supreme Court Rule 1-14B.

The Motion for New Trial was filed in April of 1969. At that time, Supreme Court Rule 1-14B was in full force and effect and read as follows:

> *"Rule 1-14B. New Trial—Memorandum.* Whenever a new trial is requested on the ground or grounds 'that the verdict or decision is not sustained by sufficient evidence or is contrary to law', the moving party shall file a memorandum stating specifically under such itemized cause wherein such evidence is insufficient or the verdict or decision is contrary to law. The party filing such motion shall be deemed to have waived any ground not specified in the memorandum. Adopted January 13, 1967. Effective March 1, 1967"

We have searched the record and find that appellee's contention is correct. There was no memorandum filed pointing out the insufficiency of the evidence or wherein the decision was contrary to law. Therefore, since there were no other grounds specified in the Motion for New Trial, the assignment of error that the Court erred in overruling the appel-

lant's Motion for a New Trial presents no question for the consideration of this Court and the judgment of the trial court must be affirmed.

Judgment affirmed.

NOTE.—Reported in 262 N. E. 2d 208.